McCALEB, Justice
(dissenting in part).
While I subscribe to the finding that Phillips was guilty of actionable negligence in swerving his car into the inside lane of the interstate highway to avoid collision with another car emerging from the service road into the outer lane, which Phillips failed to timely observe because he was not keeping a proper lookout, I fail to perceive any substance in the majority view that Dick’s recovery is, nevertheless, barred by contributory negligence because he, too, should have been “on the alert” to see that the passing maneuver could have been “accomplished in safety before proceeding.”
Moreover, I do not agree with the majority deduction that “merging traffic” signs on limited access highways are intended to apply to vehicles travelling on the inner lanes. It is my view the warning signs, which are erected on or alongside the outer lanes of these highways, are intended to alert the operators of vehicles proceeding in the lane merging traffic must necessarily use to enter the highway, so that they may make whatever driving adjustments they find are necessary to accommodate this increased traffic. I am unable to perceive why the traffic using the other lanes should be on the lookout, for its right-of-way is not, nor is it intended to be, impeded by the merging traffic.
However, if it be conceded that Dick owed some nebulous duty to be on the lookout for merging traffic even though it did not enter the lane he was in or intended to use, his failure to see it had no causal connection with the accident, which resulted solely from Phillips swerving his car from the outer lane into the inner lane while Dick was overtaking and passing him.
*379 In holding Dick guilty of contributory fault, the majority opine that Dick should not have overtaken Phillips at the time and place he endeavored to do so because passing is prohibited at an intersection. But, factually, the connecting road for merging traffic is not an intersection as that word is used in the statute setting forth the rules of the road, and it puts a strain on interpretation to attempt to classify it as such; it was nothing more than a feeder road for traffic to gain access to the highway and join other traffic proceeding in the same direction. In any case, it is unrealistic to conclude that Dick was required to anticipate that Phillips would invade the inner lane and sideswipe his car while he (Dick) was engaged in passing by use of a lane which was open and clear of traffic at the time.
This is a simple matter which has been ■complicated by the erroneous application out of context of certain recognized standards erected to promote safe driving. Indeed, factually and legally there was only one proximate cause of the accident, i. e. —the act of Phillips in swerving his car into the inner lane of traffic (at the time Dick was passing) to evade collision with another car which had emerged into the ■outer traffic lane, in which Phillips was travelling, thus creating an emergency for Phillips, who, by his failure to keep a proper lookout, had himself brought about the danger confronting him.
I respectfully dissent from the rejection ' of plaintiff’s claim for damages.